Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

## FORM TO BE USED IN FILING A COMPLAINT
## UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**A.      Full Name And Prisoner Number of Plaintiff:  NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1.  MYRON DUKES   93A5735

2.  _____

-VS-

**B.      Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1.  C.O. JOHN SCHUCK               4.  SGT CRAIG BALCER
2.  C.O. PATRICK GALLAWAY          5.  LT. MURRAY
3.  C.O. JAMES DIER                6.  NORMAN BEZIO

### 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:  MYRON DUKES 93A5735

Present Place of Confinement & Address:  SOUTHPORT CORR. FACILITY  P.O. BOX 2000  PINE CITY, NY 14871

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

**DEFENDANT'S INFORMATION** **NOTE:** *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: JOHN SCHUCK

(If applicable) Official Position of Defendant: Correction Officer

(If applicable) Defendant is Sued in √ Individual and/or √ Official Capacity

Address of Defendant: ATTICA CORR FACILITY, P.O BOX 149

ATTICA, NY 14011


Name of Defendant: PATRICK CALLAWAY

(If applicable) Official Position of Defendant: Corrections Officer

(If applicable) Defendant is Sued in √ Individual and/or √ Official Capacity

Address of Defendant: ATTICA CORR FACILITY, P.O. Box 149

ATTICA NY 14011


Name of Defendant: JAMES DIER

(If applicable) Official Position of Defendant: Corrections Officer

(If applicable) Defendant is Sued in √ Individual and/or √ Official Capacity

Address of Defendant: ATTICA CORR FACILITY, P.O. Box 149

ATTICA, NY 14011

(Cont'd) See attached ⟶

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

**A.** Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
Yes_____ No √

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

Plaintiff(s):_____

Defendant(s):_____

_____

2. Court (if federal court, name the district; if state court, name the county):_____

_____

3. Docket or Index Number:_____

4. Name of Judge to whom case was assigned:_____

4th Defendant: CRAIG BALLER                                    (cont'd from pg. 2)

       Corrections Sergeant

       Defendant is being Sued in his individual and Official Capacity

       ATTICA CORR. FACILITY, P.O. Box 149

       ATTICA, NY 14011


5th Defendant: W. MURRAY

       Corrections Lieutenant

       Defendant is being Sued in his individual and Official Capacity

       ATTICA CORR. FACILITY, P.O. Box 149

       ATTICA, NY 14011


6th Defendant  NORMAN BEZIO

       Director of SHU

       Defendant is being Sued in his individual and official Capacity

       D.O.C.S  THE HARRIMAN STATE CAMPUS - BUILDING 2

       1220 WASHINGTON AVENUE

       ALBANY, NY 12226 - 2050

5.  The approximate date the action was filed: _____

6.  What was the disposition of the case?

      Is it still pending?  Yes_____ No_____

          If not, give the approximate date it was resolved._____

      Disposition (check the statements which apply):

    _____ Dismissed (check the box which indicates why it was dismissed):

        _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        _____ By court for failure to exhaust administrative remedies;

        _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        _____ By court due to your voluntary withdrawal of claim;

    _____ Judgment upon motion or after trial entered for

      _____ plaintiff

      _____ defendant.

**B.**  Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

      Yes__/__  No_____

If Yes, complete the next section.  NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.  Name(s) of the parties to this other lawsuit:

      Plaintiff(s): __MYRON DUKES_____

      Defendant(s): __UNKNOWN_____

2.  District Court: __WESTERN DISTRICT_____

3.  Docket Number: __UNKNOWN_____

4.  Name of District or Magistrate Judge to whom case was assigned: __UNKNOWN_____

5.  The approximate date the action was filed: __1996_____

6.  What was the disposition of the case?

      Is it still pending?  Yes_____ No__✓__

          If not, give the approximate date it was resolved. __Dismissed in 1996 or 1997__

B.   MYRON DUKES v DIMONDA et al                    ( Cont'd from pg. 3 )
     SOUTHERN DISTRICT
     03 CIV 4639
     MARK D. FOX/ CHARLES L. BRIGANT
     Case was settled in 2006

Disposition (check the statements which apply):

_____ Dismissed (check the box which indicates why it was dismissed):

      _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

      _____ By court for failure to exhaust administrative remedies;

      __√__ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

      _____ By court due to your voluntary withdrawal of claim;

_____ Judgment upon motion or after trial entered for

      _____ plaintiff

      __√__ defendant.

---

## 5.  STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983.  (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action.  You **must** include a statement of the facts which you believe support each of your claims.   In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted.  Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).  **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

4

**A. FIRST CLAIM:** On (date of the incident) _March 19, 2009_ ,

defendant (give the **name and position held** of **each defendant** involved in this incident) _John Schuck, Patrick Gallaway, James Dier, and Craig Baker_

did the following to me (briefly state what each defendant named above did): _On March 19, 2009 John Schuck and James Dier walked into the Attica Corr. Facility C-Block dayroom and approached me. John Schuck directed me to place my hands behind my back. As soon as I complied with the order James Dier punched me in the left side of my face. After I fell to the floor I felt violent punches to my face, head, ribs, and back. I also felt pokes with a baton type weapon. As I was being beaten I heard one of these officers yell " You wanna be in a gang? You wanna be blood? You wanna threaten officers?" As I was being beaten I also heard one of these officers yell "Drop the weapon! Drop the weapon!" I was brutally beaten (cont'd)_

The constitutional basis for this claim under 42 U.S.C. § 1983 is: _Eight Amendment; Due Process and Equal Protection Clause_

The relief I am seeking for this claim is (briefly state the relief sought): _One million in Compensatory damages. One million in punitive damages. A total of two million dollars_

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim?  ✓ Yes _____ No   If yes, what was the result? _Grievance was transferred to Superintendent; who subsequently denied it (See attached)_

Did you appeal that decision?  ✓ Yes _____ No   If yes, what was the result? _On 5/21/09 C.O.R.C denied said grievance (See attached)_

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

**A. SECOND CLAIM:** On (date of the incident) _March 27, 2009 through April 2, 2009_ ,

defendant (give the **name and position held** of **each defendant** involved in this incident) _W. Murray and Norman Bezio_

(cont'd from pg 5(A)): By at least two corrections officers (John Schuck and James Dier). At some point during the beating Patrick Gallaway assisted John Schuck and James Dier as they beat me. Towards the end of the beating the left side of my face was stomped and I was kicked in the left eye. To conceal their criminal conduct I was written a misbehavior report falsely claiming I assaulted John Schuck and falsely claiming I possessed a weapon (which John Schuck claimed he found in my cell before the attack). To further conceal their criminal conduct John Schuck and Patrick Gallaway conspired to falsely report to claiming I initiated an assault on John Schuck. They further conspired to testify falsely at my subsequent disciplinary hearing, each corroborated the others false testimony.

Craig Baker was the area Supervisor on the day of the incident. He was negligent for failing to delegate which officers would search my cell on March 19, 2009. He was also negligent for failing to supervise the search of my cell on March 19, 2009 (which was specifically ordered by the Deputy of Security Paul Chappius); his presence would have prevented John Schuck from planting a weapon in my cell, and would have prevented John Schuck and James Dier from attacking me and assaulting me.

did the following to me (briefly state what each defendant named above did): W. Murray presided over my disciplinary hearing (which derived from the false misbehavior report filed by John Schuck on March 19, 2009). From the outset, I maintained that I was the victim of officer misconduct and by way of officer testimony, and relevant documentary evidence I would prove that I was attacked and assaulted by at least two correction officers (later identified as John Schuck and James Diez) I attempted to review and introduce the medical reports and medical photos to establish that said records were not only inconsistent with John Schuck's misbehavior report but they were consistent with my claim that I was in fact the victim of

The constitutional basis for this claim under 42 U.S.C. § 1983 is: Eighth Amendment, Due Process, and Equal Protection Clause

The relief I am seeking for this claim is (briefly state the relief sought): $500,000 in compensatory damages and $500,000 in punitive damages. A total of one million dollars

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? __✓__ Yes _____ No   If yes, what was the result? On or About 5/5/09 Norman Bezio affirmed said appeal

Did you appeal that decision? __✓__ Yes _____ No   If yes, what was the result? Article 78 is currently pending before a Wyoming County Judge

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

_____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

I am requesting $1,500,000 in compensatory damages and $1,500,000 in punitive damages. A total of $3,000,000 and also to be placed in a secure facility where guards can not continue to retaliate by attacking me and framing me

Do you want a jury trial? Yes _✓_   No _____

6

(cont'd from pg. 6)

perpetrated by John Schuck and James Dier. W. Murray refused to allow me to review or introduce any of the officers' medical reports or any of their corresponding medical photos at my hearing.

Finally, although Superintendent James Conway was not physically present at the time of the incident W. Murray would not formally commence my hearing until Superintendent James Conway reviewed, evaluated, and signed the Use of Force report, and until I was served a copy thereof.

Upon receiving a copy of said completed Use of Force report I noticed that after Superintendent James Conway had reviewed all unredacted documents in connection with the March 19, 2009 incident, and after speaking with certain security personnel he wrote out an evaluation which corroborated my defense. I immediately asked that Superintendent James Conway be called as a witness. W. Murray denied the right to call Superintendent James Conway as a witness. W. Murray ultimately found me guilty of assaulting John Schuck, and for possessing the weapon John Schuck claimed to have found in my cell. W. Murray imposed a penalty of one year special housing unit confinement. I immediately filed an administrative appeal to Commissioner Brian Fischer, highlighting the due process violations which occured at my disciplinary hearing (in which W. Murray presided over). On or about May 5, 2009 I received a letter from Norman Bezio affirmed my administrative appeal thereby keeping me confined in SHU for offenses I did not commit.

In closing I understand that by claiming state corrections officers conspired to assault me, followed through with the vicious assault, subsequently attempted to conceal their criminal conduct by falsifying documents and records, and testifying falsely at my disciplinary hearing — I am making very serious allegations. However I make the resounding announcement that I am not only standing on the truth, I am only one of the many victims of a well documented, systematic pattern of brutality and corruption at the Attica Correctional Facility. In any future civil trial the truth will surface. The truth will undoubtedly shock the conscience of anyone who refused to believe that New York State prisons can sometimes become more racist, more brutal, and more inhumane than both Abu Gharib and Guantanamo combined.

In the spirit of our new president, Barack Obama transparency and truth are cornerstones. Anyone who attempts to conceal the truth in this matter will be guilty of obstructing justice, and such be punished to the full extent of the law.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _____June 11, 2009_____

(date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Signature(s) of Plaintiff(s)

7

BEATEN BY CO

49

55038-09

# INMATE GRIEVANCE PROGRAM - ATTICA

M. DUKES   93A5735   SHU CE-6   MARCH 22, 2009   Date of Incident: March 19, 2009

Description of Incident: On March 19, 2009 at approximately 10:00 a.m. two officers appeared in front of my cell location (C 34-19) as my cell door opened. One officer informed me that I had a urinalysis test and a cell frisk. After I stepped out of the cell and was patted down/pat frisked by one of the officers I was told to back up against the wall the short officer then told the taller officer to take me downstairs for the urinalysis test After I was handed my boots I was escorted to the front of the Company where a counselor told the escort officer "If thats for urinalysis he goes in the dayroom". The officer then escorted me into the dayroom where another officer was seated at a desk and I was told to sit on the bench. The officer at the desk explained the urinalysis procedures and gave me a cup of water. A couple of minutes later the officer that escorted me to the dayroom left the dayroom and walked towards the back of the company A few seconds later the short officer who initially appeared at my cell for the cell frisk, and another unknown officer entered the dayroom and walked towards me The short officer told me to stand up and place my hands behind my back As soon as I complied the other officers punched me in the face and I fell to the floor. I was then punched, stomped, kicked, and hit with batons for approximately three minutes. I was eventually brought to SHU with serious injuries to my face, back, and ribs. The following day I received a misbehavior report claiming a weapon was found in my cell, and that I assaulted an officer in the dayroom. This is a concerted effort to justify their criminal conduct. This systematic abuse of authority has to stop.

Relief Requested: That an independent investigation be conducted. That the Inspector General's office be notified. That all officers involved be interviewed without fear of retaliation. And that this complaint/grievance not be rubber stamped "grievant's allegations unfounded" in an effort to cover-up this incident and protect the guilty officers involved

Myron Dukes
Myron Dukes 93A5735

FORM 2173 (REV. 6/06)

| | | Grievance No. | | Date Filed |
|---|---|---|---|---|
| | STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | A-55038-09 | | 03/24/09 |
| | | Facility | | Policy Designation |
| | | Attica Correctional Facility | | Institutional |
| | | Title of Grievance | | Class Code |
| **INMATE GRIEVANCE PROGRAM** | | Beaten By Officer | | 49 |
| **SUPERINTENDENT** | | Superintendent's Signature | | Date |
| | | | | 04/10/09 |
| Grievant | | DIN | | Housing Unit |
| Myron Dukes | | 93-A-5735 | | RB-CE-006 |

Grievance Denied.

Grievant alleges that on 3/19/09, at approximately 10:00a.m., while he was in C-Block Dayroom preparing for a urinalysis test, two officers approached him. One of the officers told him to place his hands behind his back. Grievant alleges that as soon as he complied with the officer's direction, another officer punched him in the face and he fell to the floor. Grievant further alleges that he was then punched, kicked, stomped and hit with a baton for approximately three minutes. The grievant concluded that he was then brought to S.H.U. with serious injuries to his face, back and ribs and received a misbehavior report for assaulting an officer.

The grievant was interviewed by a security lieutenant relative to his grievance allegations. The grievant did not provide additional inmate or employee witnesses to support his allegations. The lieutenant did ascertain that additional staff members were in the area at the time of the incident and directed them to submit memorandums regarding the matter.

The involved staff, as well as additional staff members that were present during the matter, have submitted memorandums that refute the allegations made by the grievant. One involved officer stated that at no time did he tell the grievant to put his hands behind his back, nor did he call him a "gang member" or make any comments about him threatening staff. Another officer stated that he did escort the grievant for urinalysis testing, but has no knowledge of his other allegations. A third officer stated that he stands by his written report for the incident that occurred on 3/19/09. The officer concluded that he did not threaten the grievant, nor did he punch, kick, beat or use a baton against the grievant. Additional staff memos stated that they were not involved in the incident and they were unable to support the allegations that had been made by the grievant.

Facility documents reveal that on 3/19/09, a cell-search and a urinalysis test were ordered for the grievant. The grievant was escorted to a testing area while his cell was being searched. During the cell-search, an officer recovered a 5 ½" x 1/8" sharpened piece of metal between the external window frame and the cell bricks of the grievant's cell area. The officer then notified the area sergeant and the urinalysis officer. The grievant overheard the conversation between the cell-search officer and the urinalysis officer, became unruly, and punched the cell-search officer in the left-eye with a closed right-fist. Officers then used force on the grievant to gain control of his actions. The involved staff members and the grievant were seen by medical and minor injuries were noted to several staff members and the grievant.

Therefore, due to information obtained in the alleged matter, this investigation did not find any wrongdoing that had been committed by staff, nor did it substantiate the allegations made by the grievant.

It should be noted that this matter was referred to the Department of Corrections Inspector General's Office for further investigation.

CR/jms
cc: File

---

APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk.

You have seven (7) calendar days from receipt of this notice to file your appeal.  * Please state why you are appealing this decision to to C.O.R.C.

The fact that Officer Schust chose to enter the dayroom, after allegedly recovering a weapon, instead of going to notify area sergeant demonstrates that he entered the dayroom with a specific intent. This decisions statement "The officer then notified the area sergeant" is a lie. Truth will prevail

| Grievant's Signature | 4/16/09 Date |
|---|---|

| Grievance Clerk's Signature | Date |
|---|---|

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance Number<br>A-55038-09 | Desig./Code<br>I/49 | Date Filed<br>3/24/09 |
|---|---|---|---|
| | Facility<br>Attica Correctional Facility | | |
| | Title of Grievance<br>Beaten By Officer | | |
| INMATE GRIEVANCE PROGRAM<br>CENTRAL OFFICE REVIEW COMMITTEE | Director's Signature | | Date<br>5/27/09 |

5/27/09

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED WITH CLARIFICATION

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied with clarification to the extent that the matter was investigated and the issue of the complaint has been found to be without merit. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant's complaint is currently under investigation by the Office of the Inspector General. Any remedial action necessary will be taken as a result of that investigation. CORC advises the grievant he may address any concerns regarding this complaint to the Office of the Inspector General.

TC/
---------------------------------------------------------------------------------------------------------------------------------
---------------------------------------------------------------------------------------------------------------------------------

Dukes, M. 93A5735

Trans.